Frank W. Volk, Chief Judge
United States Bankruptcy Court
Southern District of West Virginia

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF WEST VIRGINIA
## CHARLESTON DIVISION

| | |
|---|---|
| IN RE: | CASE NO. 2:15-bk-20581 |
| RICHARD MICHAEL MARTIN and NANETTE MARIE MARTIN, | CHAPTER 7 |
| Debtors. | JUDGE VOLK |
| PATRICIA L. QUINET, | ADVERSARY PROCEEDING NO. 2:16-ap-02036 |
| Plaintiff, | |
| v. | |
| RICHARD MICHAEL MARTIN, | |
| Defendant. | |

### ORDER GRANTING DEFENDANT'S MOTION
### TO DISMISS COMPLAINT FILED OUT OF TIME

This matter is before the Court on Defendant Richard Michael Martin's Motion to Dismiss the Complaint Filed Out of Time (docket no. 5).

Patricia L. Quinet initiated this adversary proceeding on March 21, 2016. She alleges that a debt owed to her by Mr. Martin should be declared nondischargeable pursuant to 11 U.S.C § 523(a)(4).

Mr. Martin and his wife filed the underlying Chapter 7 Petition on November 10, 2015. The § 341 Meeting of Creditors was originally set for December 18, 2015, but was subsequently reset for January 8, 2016. Federal Rule of Bankruptcy Procedure 4007(c) states that a complaint to determine dischargeability of a debt under § 523(c) must be undertaken "no later than 60 days after the *first date* set for the meeting of creditors under § 341(a)." Fed. R. Bank. P.

4007(c) (2012) (emphasis added). Therefore, the deadline for filing the nondischargeability complaint was February 16, 2016, which was specified in the notice of the § 341 Meeting (docket no. 11). Moreover, under Rule 4007(c), after a motion and a hearing, a court may "for cause extend the time fixed under this subdivision." Fed. R. Bank. P. 4007(c) (2012). No motion to extend was filed and, as noted, Ms. Hundley's did not commence her action until March 18, 2016, thirty-one (31) days after the deadline.

Ms. Quinet contends that she provided Mr. Martin with notice of her intent to file an adversary proceeding. Specifically, she asserts that her filing of a proof of claim (no. 11-1) and of a Motion to Lift Automatic Stay (docket no. 34) in the main bankruptcy case on February 2, 2016, constituted sufficient notice of her intent to file a nondischargeability action, such that her Complaint should "relate back" to the proof of claim filing date and should be considered timely filed. Courts have "generally allow[ed] an untimely complaint to relate back to a timely proceeding, 'if the pleading substantially complies with the requirements of a complaint by giving the debtor "fair notice of what the plaintiff's claim is and the grounds upon which it rests."'" *Highgrove, LC v. Holcombe (In re Holcombe)*, 2006 Bankr. LEXIS 2540, *6 (Bankr. E.D. Va. May 18, 2006) (quoting *In re Dominguez*, 51 F.3d 1502, 1508 (9th Cir. 1995)). This sensible approach using a factoring analysis applies "[w]here a party files a pleading in the form of a contested matter prior to the Rule 4007(c) deadline followed by an 'untimely but stylistically proper' complaint . . . .'" *Holcombe*, 2006 Bankr. LEXIS 2540, (quoting *Calendario v. Pagan (In re Pagan),* 282 B.R. 735, 738 (Bankr. D. Mass. 2002)). At the same time, "[c]ourts usually find pleadings that do not object to discharge, such as a motion for relief from stay, to be insufficient to meet the requirements of Rule 7008." *Holcombe*, 2006 Bankr. LEXIS at *10 (*citing In re*

*McGuirt*, 879 F.2d 182 (5th Cir. 1989) and *Classic Auto Refinishing v. Marino* (*In re Marino)*, 37 F.3d 1354 (9th Cir.1994)).

The Plaintiff's previous filings were simply a Proof of Claim and a Motion to Lift Automatic Stay, which are not substantially similar to a Complaint. A Complaint, which is governed in adversary proceedings by Rule 7008, is a formal statement which must present the facts and claims for relief. In contrast, a Proof of Claim only requires that the Creditor identify the Debtor, the amount owed, and the basis for the claim. Additionally, a Motion to Lift Automatic Stay, which is governed by 11 U.S.C. § 362, generally requires that the filer show "cause." The *Robbins* court set forth standards by which bankruptcy courts could assess "cause" under 11 U.S.C. § 362(d)(1). The factors are as follows: (1) whether the issues in the pending litigation involve only non-bankruptcy law, so the expertise of the bankruptcy court is unnecessary; (2) whether modifying the stay will promote judicial economy and whether there would be greater interference with the bankruptcy case if the stay were not lifted because matters would have to be litigated in bankruptcy court; and (3) whether the estate can be protected properly by a requirement that the creditors seek enforcement of any judgment through the bankruptcy court. *In re Robbins*, 964 F.2d 342, 345 (4th Cir. 1992).

In this case, the Proof of Claim simply indicated Ms. Quinet's understanding that she was owed money in Mr. Martin's bankruptcy case. Further, the Motion to Lift Automatic Stay simply requested that the stay be lifted so she could intervene in a United States District Court action against Mr. Martin. Neither the Proof of Claim nor the Motion to Lift Automatic Stay made any mention of 11 U.S.C. § 523(a)(4) or of her intent to object to the dischargability of the claim. Thus the Plaintiff's Complaint may not relate back to the Proof of Claim or the Motion to Lift

Automatic Stay inasmuch as they are insufficient to meet the requirements of Rule 7008. Thus, for the foregoing reasons, it is

It is, accordingly, **ORDERED** that Defendant Richard Michael Martin's Motion to Dismiss Complaint Filed Out of Time be, and is hereby, **GRANTED.**